JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Medical Quant USA, Inc. dba Multi Radiance Medical

**DEFENDANTS**
Radiant Life Technologies, Ltd. dba COMRA

(b) County of Residence of First Listed Plaintiff: **Cuyahoga**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Palm Beach County, FL**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen H. Jett #0046821 / Matthew D. Smith #0099806
Buckingham, Doolittle & Burroughs, LLC

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [x] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1114 and 15 USC 1125

Brief description of cause:
Defendant infringed upon Plaintiff's federally registered trademark in violation of Federal and State law

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** N/A

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE:** April 27, 2021

**SIGNATURE OF ATTORNEY OF RECORD:** /s/ Stephen H. Jett

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check o<u>ne category only</u> ).

1. [✔] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regardfor the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case  [ ] is a **REFILED** case  [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule 3.8, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3) **Other Cases.** If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>**COUNTY**</u>: Cuyahoga

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

<u>**EASTERN DIVISION**</u>

[ ] AKRON  (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✔] CLEVELAND  (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ] YOUNGSTOWN  (Counties: Columbiana, Mahoning and Trumbull)

<u>**WESTERN DIVISION**</u>

[ ] TOLEDO  (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MEDICAL QUANT USA, INC.<br>DBA MULTI RADIANCE MEDICAL<br>6521 Davis Industrial Park<br>Solon, Ohio 44139<br><br>            Plaintiff,<br><br>  vs.<br><br>RADIANT LIFE TECHNOLOGIES, LTD.<br>DBA COMRA<br>c/o Leslie Carmen<br>3301 N.W. 2nd Avenue, Suite 100<br>Boca Raton, Florida 33431<br><br>            Defendant. | CASE NO.<br><br>JUDGE:<br><br>**VERIFIED COMPLAINT: Lanham Act, 15 USC § 1114 et seq. and 15 USC § 1125 et seq. (Trademark Infringement); Ohio Deceptive Trade Practices Act, Chapter 4165; Tortious Interference with Prospective Business Relationships; Tortious Interference with Contractual Relationships; Common Law Unfair Trade Practices.** |

Plaintiff Medical Quant USA, Inc. dba Multi Radiance Medical ("MR" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against Defendant Radiant Life Technologies, Ltd. Dba Comra ("RLT" or "Defendant"), herein states and alleges as follows:

## NATURE OF ACTION

1. This is an action for willful, knowing and deliberate infringement of Plaintiff's trademark, "Multi-Radiance", by Defendant in violation of the Lanham Act, 15 USC § 1114 et seq., and for violations of the Ohio Deceptive Trade Practices Act, O.R.C. Chapter 4165; tortious interference with prospective business relationships; tortious interference with contractual relationships; and common law unfair competition.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an Ohio corporation with its principal place of business in Solon, Ohio. Plaintiff markets and sells its goods in interstate commerce, including, among other things, Pulsed Laser Technology to treat atheltes of all levels .

3. Plaintiff has marketed and sold its products in interstate commerce from and since 2004, and has actively used its trademark, "Multi-Radiance" in interstate commerce from at least 2007.

4. Plaintiff owns a federally registered trademark, "Multi Radiance", Registration No. 3880197, which was issued by the United States Patent and Trademark Office ("USPTO") on November 23,2010, which has been used in interstate commerce since from and before April of 2007 (the "Mark"). A true and correct copy of the Mark's trademark registration is attached hereto as Exhibit A and incorporated herein by reference.

5. Defendant is a direct competitor of Plaintiff relative to, among other things, the goods and products that it markets, advertises, and sells in interstate commerce.

6. Defendant has marketed and sold its products in interstate commerce from and since at least 2016, using the name "Multi Radiance", without the benefit of any federal or state

2

registration of "Multi Radiance", resulting in confusion, or the likelihood of confusion, and causing mistake or deception among consumers throughout the United States.

7. Defendant has infringed, and continues to infringe, upon Plaintiff's registered Mark.

8. This Court has original jurisdiction over Plaintiff's Lanham Act claim pursuant to 28 USC §§ 1331 and 1338(b). This Court has supplemental jurisdiction over Plaintiff's state law Deceptive Trade Practices Act claim, its tortious interference claims, its defamation claim, and its common law unfair trade practices claims, pursuant to 28 USC § 1338(b), because those claims are joined with substantial and related claims under the Lanham Act, as well as § 1367(a), which provides for supplemental jurisdiction over related state law claims.

9. Defendant is subject to personal jurisdiction in this Court and venue is proper in the Northern District of Ohio pursuant to 28 USC § 1391(b), because a substantial part of the events giving rise to Plaintiff's claims arose in this Judicial District, and because Defendant does substantial business in this Judicial District, and promotes, offers for sale, and/or sells products or services in association with its false representations and unfair trade practices in this District.

## **PLAINTIFF AND ITS BUSINESS**

10. Plaintiff was founded in 2004 and has provided its services to customers for almost 17 years.

11. Plaintiff has continually worked to maintain its valuable reputation, by honestly advertising and promoting its products, and providing high-quality products and services to its customers. (See www.multiradiance.com.)

3

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

12. Upon information and belief, Defendant was organized on June 12, 2013 as a limited liability company in Country of Cyprus.

13. Defendant uses Plaintiff's Mark in interstate commerce including, among other things, in its website, which advertises, markets, and sells its products, known as "CoMra".

14. Defendant's webite (comra-therapy.com) expressly states - in mulitple places - as follows: **"coMra stands for 'coherent <u>Multi-radiance</u>' – that is, the radiances that we employ in our unique healing devices."** (Emphasis added.)

15. Defendant's blatent use of the term "Multi-radiance" – Plaintiff's registered Mark -- on its website and other marketing materials for purposes of marketing and selling its coMra products, creates confusion or the likelihood of confusion, and causes mistakes or deception among consumers in the United States; it has also caused damage, including irreparable damage, to Plaintiff and its reputation.

16. Defendant's conduct, as aforesaid, violates the Sections 1114 and 1125 of the Lanham Act, entitling Plaintiff to relief thereunder, including, without limitation, injuctive relief, damages, explary damages, and attorney's fees.

17. This is an execeptional case within the meaning of the Lanham Act.

18. Defendant has been put on notice multiple times, including in writing, by Plaintiff of its infringing conduct, and nevertheless has continued to persist in infringing upon Plaintiff's Mark.

19. Indeed, Defendant even attempted to obtain its own registration for a trademark of its own, "Comra Coherent Multi-radiances", pursuant to an application that was filed with the USPTO on July 8, 2016, Serial Number 87097841 ("Defendant's Application"). A true an correct

4

copy of Defendant's Application is attached hereto as Exhibit B and incorporated herein by reference.

20. Defendant's Application was opposed by Plaintiff by way of a Notice of Opposition filed by Plaintiff on December 12, 2017 (the "Opposition"). A true and correct copy of the Opposition is attached hereto as Exhibit C and incorporated herein by reference.

21. On February 24, 2020, the USPTO denied Defendant's Application, pursuant to an Order that is attached hereto as Exhibit D and incorporated herein by reference.

22. Plaintiff has made a substantial investment in advertising and promoting its goods under the Mark since the Mark's initial use in commerce.

23. Plaintiff has extensively used, advertised, promoted and offered its goods bearing the Mark to the public through various channels of trade in commerce, with the result that – but for Defendant's unlawful conduct -- Plaintiff's customers and the general public would exclusively, and without confusion, recognize Plaintiff's Mark and associate the same with Plaintiff and/or the goods sold by Plaintiff.

24. However, Defendant's continued unlawful use of Plaintiff's Mark in connection with the marketing and sale of its coMra products, and the close resemblance between Defendant's coMra name and Plaintiff's Mark, and even identical verbatim use of the same words comprising Plaintiff's Mark, have and will cause confusion or mistake or otherwise deceive purchasers, resulting in damage and detriment to Plaintiff and its reputation.

25. Defendant's use of the "coMra" acronym and associated full name incorporates Plaintiff's entire Mark - or at least substantially similar - to Plaintiff's Mark and violative of Plaintiff's common law rights such that it has and will be used by Defendant to directly and unfairly compete with Plaintiff's own goods offered to the public by Plaintiff.

26. Defendant's continued use of the "coMra" acronym and associated full name, after the USPTO denied Defendant's Application on Febuary 24, 2020 constitutes a deliberate and calculated infringement of Plaintiff's mark.

27. Moreover, Plaintiff attempted to resolve this dispute without resorting to litigation by providing Defendant ample opportunity to remove the infringing mark from their website after the USPTO denied Defendant's Application.

28. After it became apparent Defendant was not going to remove the mark, despite the USPTO unequivocally denying their trademark application, Plaintiff filed this Complaint.

## FIRST CLAIM FOR RELIEF

### Lanham Act 15 USC § 1114 et seq. and 15 USC § 1125 et seq. (Trademark Infringement)

29. Plaintiff restates and incorporates the allegations in all prior paragraphs by reference as if fully set forth herein.

30. Defendant's confusing and deceptive use of Plaintiff's registered Mark on its website, on the internet and elsewhere in interstate commerce constitutes false, misleading, confusing and deceptive representations in violation of the Lanham Act.

31. Defendant's infringement of Plaintiff's Mark constitutes a violation of the Lanham Act, 15 USC § 1114 et seq. and 15 USC § 1125 et seq.

32. The knowing, willful, and deliberate actions by Defendant have damaged, and are damaging, to Plaintiff's business, reputation, goodwill, and property rights.

33. Defendant knew, or should have known, of Plaintiff's Mark and related rights, and Defendant's unlawful infringement of Plaintiff's Mark was knowing, willful, malicious and deliberate, making this an exceptional case within the meaning of 15 USC § 1117.

34. As an actual, direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged in the amount to be proven at trial.

35. Because Defendant acted willfully and deliberately infringed upon Plaintiff's Mark and rights, pursuant to 15 USC § 1117(a) Plaintiff is further entitled to recover from Defendant the Defendant's profits and Plaintiff's court costs and attorney's fees.

36. Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated by economic means, and for which there is no adequate remedy at law. Defendant's infringing actions have damaged and will continue to damage Plaintiff's business, rights and goodwill. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and permanently thereafter.

## SECOND CLAIM FOR RELIEF

### O.R.C. Chapter 4165 — Ohio Deceptive Trade Practices Act

37. Plaintiff restates and incorporates the allegations in all prior paragraphs by reference as if fully set forth herein.

38. Defenant's repeated, false, misleading, confusing, and deceptive actions have actually and proximately caused, and are likely to cause, consumer confusion, are damaging to the public interest and constitute deceptive trade practices within the meaning of O.R.C. Chapter 4165, including, without limitation, O.R.C. Sections 4165.02 and 4165.03.

39. The knowing, willful, and deliberate actions by Defendant have damaged and are damaging to Plaintiff's business, reputation, goodwill, and property rights.

40. As a direct, actual, and proximate of the foregoing acts by Defendant, Defendant has actually and proximately caused Plaintiff to be damaged in an amount to be proven at trial.

41. The unfair and deceptive actions of Defendant have actually and proximately caused and will continue to cause irreparable injury to the business, rights and goodwill of Plaintiff, unless the acts of Defendant are restrained and/or enjoined during the pendency of this action and permanently thereafter.

## THIRD CLAIM FOR RELIEF

### Tortious Interference with Prospective Business Relationships

42. Plaintiff restates and incorporates the allegations in all prior paragraphs by reference as if fully set forth herein.

43. Defendant was, at all relevant times, fully aware of Plaintiff's business and its prospective customer relationships.

44. Defendant's intentional unlawful, false, deceptive and misleading infringing conduct has tortiously interfered with Plaintiff's prospective business relationships with customers.

45. As a direct, actual, and proximate result of Defendant's unauthorized conduct, Plaintiff has been damaged in an amount to be proven at trial.

46. The tortious interference that Defendant has caused and will continue to cause irreparable injury to the business, rights and goodwill of Plaintiff unless the acts of Defendant are restrained and/or enjoined during the pendency of this action and permanently thereafter.

## FOURTH CLAIM FOR RELIEF

### Tortious Interference with Contractual Relationships

47. Plaintiff restates and incorporates the allegations in all prior paragraphs by reference as if fully set forth herein.

48. Defendant was, at all relevant times, fully aware of Plaintiff's business and its existing customer contracts.

49. Plaintiff's intentional unlawful, false, deceptive and misleading infringement of Plaintiff's Mark has tortiously interfered with Plaintiff's existing contractual relationships with customers.

50. As a direct, actual, and proximate result of Defendant's unprivileged conduct, Plaintiff has been damaged in an amount to be proven at trial.

51. The tortious interference that Defendant has caused and will continue to cause irreparable injury to the business, rights and goodwill of Plaintiff unless the acts of Defendant are restrained and/or enjoined during the pendency of this action and permanently thereafter.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Trade Practices

52. Plaintiff restates and incorporates the allegations in all prior paragraphs by reference as if fully set forth herein.

53. Defendant's conduct in infringing upon Plaintiff's Mark has served to mislead, deceive, and confuse the public about the identiy of Plaintiff and its products, and constitutes common law unfair trade practices under Ohio law.

54. As a result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial.

55. The unfair and deceptive actions of Defendant have actually and proximately caused and will continue to cause irreparable injury to the business, reputation, rights and goodwill of Plaintiff, unless the acts of Defendant are restrained and/or enjoined during the pendency of this action and permanently thereafter.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor, and against Defendant, on all counts as follows:

1. That Defendant, its members, officers, agents, servants, employees, and all other persons acting in concert or participation with any of them, be restrained and enjoined during the pendency of this action and permanently thereafter from infringing on Plaintiff's registrerd Mark, or otherwise disseminating or using Plaintiff's Mark in any form;

2. That Defendant, its members, officers, agents, employees, and all other persons acting in concert or participation with any of them, be restrained and enjoined during the pendency of this action and permanently thereafter from all acts of infringement concerning Plaintiff's Mark and its operations and services;

3. That Defendant be directed to file with this Court and serve on Plaintiff's counsel within thirty (30) days after the service of an injunction, a report in writing, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

4. That Defendant be required to pay Plaintiff such damages as Plaintiff has sustained, or will sustain, in consequence of Defendant's infringement of Plaintiff's Mark and Defendant's violations of the Lanham Act; its deceptive trade practices under Ohio's Deceptive Trade Practices Act; its tortious interference with Plaintiff's existing and prospective business relationships; and its common law unfair trade practices; and to account for all profits and advantages derived by Defendant that are attributable to such unlawful acts and conduct on the part of Defendant, and that exemplary damages be awarded, as appropriate, together with the costs of this action, consistent with the Lanham Act and other law;

5. That the Court find this to be an exceptional case and order Defendant to pay Plaintiff's reasonable attorneys' fees as provided by 15 USC § 1117; and

6. That Defendant be ordered to pay Plaintiff punitive damages, pre-judgment and post-judgment interest on all sums allowed by law and that Plaintiff be awarded such other and further relief as this Court deems just and proper, including, without limitation, its costs and reasonable attorney's fees.

Respectfully submitted,

*/s/ Stephen H. Jett*
Stephen H. Jett (0046821)
Matthew D. Smith (0099806)
Buckingham, Doolittle & Burroughs, LLC
1375 East Ninth Street, Suite 1700
Cleveland, Ohio   44114
Phone: 216-736-4241
Email: sjett@bdblaw.com
       msmith@bdblaw.com

CL2:518203_v2