**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Medical Quant USA, Inc., | ) | CASE NO. 1:21 CV 877 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Radiant Life Technologies, Ltd., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Vacate Default, Deny

Plaintiff's Motion for Default Judgment as Moot, and Dismiss the Verified Complaint for Lack

of Proper Service (Doc. 17).  This is a trademark infringement case.  For the reasons that follow,

the motion to vacate is GRANTED and plaintiff's motion for default judgment is MOOT.  The

motion to dismiss for lack of service is GRANTED.

**FACTS**

Plaintiff Medical Quant USA, Inc. filed this lawsuit against defendant Radiant Life

1

Technologies, Ltd. alleging trademark infringement.  Defendant is a foreign corporation located

in Cyprus.  Plaintiff filed a praecipe requesting that the clerk issue a summons to be served on:

> Radiant Life Technologies, Ltd.
> dba COMRA
> c/o Leslie Carmen
> 3301 N.W.2d Avenue, Suite 101
> Boca Raton, FL 33431

The Clerk's Office issued the summons and complaint by certified mail and the return

receipt contains Leslie Carmen's signature.

Carmen is the founder of Carmen Care Laser, LLC, a company in Florida that provides

laser treatment to members of the public for a variety of different medical conditions.  She is a

certified laser therapist, certified laser safety officer, PSYCH-K facilitator, REIKI master and

teacher, and certified nurse's assistant.  Carmen is also licensed through the Commission on

Religious Counseling and Healing.  Carmen utilizes laser devices manufactured by a number of

companies, including both plaintiff and defendant.

According to Carmen, she is not an employee, principal, or shareholder of defendant.

Nor did defendant give her the authority to bind it to any agreement on any matter.  Carmen

avers that she is not, and has never been, an agent of defendant.  According to Carmen, she

operates her own business on a full-time basis and is an independent sales representative for

defendant.  Defendant does not supervise her sales efforts and she is not required to sell any

products on defendant's behalf.  Rather, in the event a customer is interested in purchasing one

of defendant's products, she places the order on defendant's website, sends the order to

defendant's Canadian independent sales representatives, or instructs the client to place the order

and then advises the Canadian representative that she is due a commission for that purchase.

2

After signing the summons delivered to her address, Carmen believed that plaintiff had filed suit against her personally.  She sent the following text message to Doug Johnson, one of plaintiff's vice-presidents, with whom she previously had a number of "nice" conversations:

> Hi its Leslie with Carmen Care Laser, I just received a letter saying [plaintiff] has filed a lawsuit against me?? Why, what did I do? Why get a lawyer involved? I am always very easy to talk to! Who can I call please? Thanks, Leslie.

Carmen then called plaintiff's counsel, who explained that Carmen is not a defendant in this lawsuit. Rather, plaintiff served her because she is the only representative for defendant who has an address in the United States.  Counsel then asked Carmen to forward the papers to defendant.  On two other occasions, counsel for plaintiff asked Carmen to forward Court Orders to defendant.  Carmen forwarded the documents to the Canadian company with which she had previously placed customer orders.  The Canadian company ultimately forwarded the information and materials to defendant.

Defendant did not file an answer to the complaint and, accordingly, the Clerk of Court entered plaintiff's application for default.  Plaintiff thereafter filed a motion for default judgment. In response, defendant filed the instant motion seeking to set aside the default and dismiss this matter for lack of proper service.  Defendant also asks that the Court deny as moot defendant's motion for default judgment.  Plaintiff opposes the motion.

**ANALYSIS**

The Court will first address the propriety of service.  Rule 4(h) of the Federal Rules of Civil Procedure is directed at service over a corporation and provides as follows:

> (h) Serving a Corporation.... Unless federal law provides otherwise, a...foreign corporation..., must be served:

> (1) in a judicial district of the United States:

3

        (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or

        (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant; or

***

As an initial matter, the Court agrees with defendant that service by mail does not satisfy Rule 4(h)(1)(B)'s "delivery" requirement. *See*, *Dyer v. Wal-mart Stores, Inc.*, 318 Fed.Appx. 843, 844 (11th Cir. 2009)(delivery means personal service); *Christian v. Federal Home Loan Mortgage Corp.*, 2016 WL 1640459 (E.D. Mich. April 26, 2016)("Notably, courts have interpreted "delivery" under this rule as requiring personal service on the appropriate agent.); *Spears v. Kroger Co.*, 2006 WL2044956 (N.D. Ohio July 19, 2006)(the term "deliver" does not include service by mail).  Because plaintiff mailed the summons and complaint, it did not perfect service pursuant to Rule 4(h)(1)(B).  Accordingly, the Court must address whether plaintiff served defendant in a manner prescribed by Rule 4(h)(1)(A).

Rule 4(h)(1)(A) allows service to be perfected on a corporation provided the requirements of Rule 4(e), which is directed at service upon an individual, are met.  Relevant to this motion, Rule 4(e) provides that service may be perfected by "following state law for service of a summons...in the state where the district court is located or where service is made." Therefore, plaintiff may perfect service upon defendant by complying with the service rules in either Ohio or Florida.

Plaintiff argues that there is no rule in Florida that prohibits service by mail with respect to corporations.  In response, defendant cites to Fl.St.RCP Rule 1.070(I), which provides as

4

follows:

> (I) Service of Process by Mail. A defendant may accept service of process by mail.

> (1) Acceptance of service of a complaint by mail does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

> (2) A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons.

The rule goes on to outline the items that must be contained in the waiver request.

Florida state and federal courts have interpreted this provision to allow for service by certified mail only if the summons is accompanied by a request to waive service. *Dixon v. Blanc*, 796 Fed. Appx. 684 (11th Cir. January 13, 2020)(the Florida rules generally permit service by mail only if defendant agrees to waive personal service); *David v. David-Crouch*, 2020 WL 10320976 (M.D. Fla. September 29, 2020)("Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070."); *Emerald Coast Finest Produce Co. v. QSR Group Three*, LLC, 2007 WL 1526650 (N.D. Fla. May 24, 2007)("While Rule 1.070(I) of the Florida Rules of Civil Procedure does provide that a defendant 'may' accept service of the complaint by mail, that is only if the defendant consents and waives personal service.").   Plaintiff does not claim that it sought or obtained a waiver of service from defendant (either directly or through Carmen).  As such, defendant did not comply with the Florida rules of service of process.

The Court now turns to whether service complied with Ohio's rules. Ohio Rule 4.1(A)(F) permits service upon a foreign corporation by "serving the agent authorized by appointment or by law to receive service of process; or...by serving an officer or a managing or general agent of

the corporation.[1]"  Defendant argues that since Carmen is not a "managing or general agent," service upon her did not comply with Ohio's rules.  Defendant points out that Carmen's only relationship with defendant is that of a non-exclusive commissioned sales representative. Carmen owns her own business and utilizes products of both plaintiff and defendant, as well as other companies.  She has no authority to bind defendant and avers that she is not, and has never been, an agent of defendant.  Defendant also points out that Onnik Merdinyan, who is co-CEO of defendant, indicated that defendant has no business address in Florida and does not conduct business at Carmen's location.  Carmen is not employed by defendant or authorized to conduct business on its behalf.  She is authorized only to place orders on defendant's website, like any other customer.  Merdinyan avers that Carmen is not authorized to accept service of process for defendant.

In response, plaintiff points to the version of defendant's website in effect at the time of service.  The website contained a page entitled "Representatives and Agents," which provided, "We have a growing family of Representatives and Agents worldwide.  For more information, please contact the Representative and Agent closest to you.  For other business inquires, please email our Co-CEO, Onnik Merdinyan."  The webpage contains a number of pictures and phone numbers for various individuals.  Carmen's picture and phone number appear under "North American/ USA (Florida)" along with the name of her business and its telephone number.  Based on the webpage, plaintiff argues that Carmen satisfies Rule 4.1(A)(F)'s definition of "managing or general agent."

Upon review, the Court finds defendant's argument to be well-taken.  For purposes of

---

[1]     Defendant does not argue that Ohio law prohibits service by mail.

6

service under Ohio law, the term "'general agent' has been defined as 'an agent authorized to conduct a series of transactions involving a continuity of service.'" *Whitaker v. Paru Selvam*, LLC, 2014 WL 3732144 (Oh. Ct. App. July 25, 2014)(*quoting Sherif Electric Service v. Greater Allen Ame Church*, 1982 WL 3784 at *1 (Oh. Ct. App. Aug. 25, 1982)).  Federal law is in accord.  *See*, *Spencer v. Caracal International*, LLC 516 F.Supp.3d 755, 759 (M.D. Tenn. 2021)(a managing or general agent is "one who operates at the highest levels, or...has overall authority to make high-level decisions on the part of the enterprise.")[2].

Here, the only evidence provided by plaintiff is the webpage that identifies Carmen as a "representative and agent."  The Court finds that this is insufficient to establish that defendant authorized Carmen to "conduct a series of transactions involving a continuity of service.[3]"

---

[2]    Plaintiff's cases are easily distinguishable.  In *Cequent Trailer Prod., Inc. v. Intradin (Shanghi) Mach. Co.*, 2006 WL 8446884 (N.D. Ohio Feb. 8, 2006), the Court concluded that plaintiff perfected service on defendant by serving defendant's product manager.  But there, the Court concluded that the product manager qualified as a *managing* agent because he was responsible for the entire line of products at issue in that lawsuit.  The same does not hold true here.  *See also, Jones v. Frank Bomholt & Sons, Inc.*, 2002 WL 31520123 (4th Dist. Ct. App. June 26, 2002)(court determined that recipient of service was "agent" in part because agent was at defendant's place of business every day, had a key to the building, spoke with defendant's owners regularly throughout each day, and conceded that his home telephone number was printed on defendant's sign).

[3]    Plaintiff points out that defendant has another "authorized agent" located in California, who is not identified on defendant's website.  According to plaintiff, this must somehow mean that Carmen is defendant's general agent.  The argument is rejected.  The fact that defendant identified Carmen as an "agent and representative" simply does not, standing alone, elevate Carmen to the status of "*general* agent."

According to her affidavit, she is not an employee, principal, or shareholder of defendant and has no authority to bind defendant.  Rather, she owns and operates her own business and acts only as a commissioned sales agent.  Carmen further points out that she also utilizes plaintiff's products and performs a wide-variety of services at her business.  On the whole, the Court finds that the identification of Carmen as a "representative and agent" is insufficient to meet Ohio's definition of "general agent."  As such plaintiff did not perfect service by personally serving Carmen with the complaint.

> The Court further rejects any argument that Carmen acted with apparent authority.

> In order for a principal to be bound by the acts of his agent under the theory of apparent agency, evidence must affirmatively show: " ' * * * (1) [t]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.

*Master Consolidated Corp. v. BancOne National Bank*, 575 N.E.2d 817 (Ohio 1991).

Here, the Court finds that identifying Carmen as an "agent and representative" on defendant's website is insufficient to create a general agency relationship *via* apparent authority. The "particular act" at issue is the acceptance of service of process.  Standing alone, the statement on defendant's website in no way suggests that Carmen is a general agent who would possess the authority to accept service of process.  Even if the statement could be interpreted as such, the Court finds that plaintiff lacked a good faith basis to believe the Carmen possessed such authority.  Carmen provides laser services on a full-time basis for a variety of medical conditions.  In 2018, Carmen purchased a laser device from *plaintiff*.  Plaintiff came to Carmen's business and trained her and others on how to use the device.  Later, plaintiff posted a very positive review on plaintiff's Facebook page.  The Court finds that, given plaintiff's familiarity

8

with Carmen's business, including the use of plaintiff's own devices, plaintiff lacked a good faith basis on which to believe that Carmen was a general agent of defendant.

Because plaintiff did not comply with Ohio's service rules, plaintiff did not properly serve defendant under the Federal Rules of Civil Procedure.

To the extent plaintiff claims that it perfected service because defendant received actual notice of this lawsuit, the argument is rejected.  As an initial matter, the Sixth Circuit has held that "it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed.R.Civ.P. 4."  *LSJ Investment Co., Inc. v. O.L.D. , Inc*. 167 F.3d 320, 322 (6th Cir. 1999); *Spencer v. Caracal International, Inc.*, 516 F.Supp.3d 755, 761 (M.D. Tenn. January 28, 2021)(same).  Regardless, even if actual notice could satisfy Rule 4, the "actual notice" in this case falls short of complying with the service requirements.  Upon receipt of the service, Carmen did not forward the summons and complaint to defendant.  Rather, Carmen attempted to contact plaintiff directly, and ultimately contacted plaintiff's counsel.  According to Carmen's affidavit, plaintiff's counsel informed Carmen that she is not a party to the lawsuit.  Rather, counsel "hoped" that Carmen would forward the documents to defendant.  In response to this request, however, Carmen did not do so.  Instead, she forwarded them to the company in Canada through which she occasionally placed customer orders.[4]  The Canadian company forwarded the information to defendant.  Based on these facts, service on Carmen was not reasonably calculated to apprise defendant of the action.  There is no indication that absent counsel's request, plaintiff would have forwarded the summons and complaint to defendant.  Even after the

---

[4]     In her affidavit, Carmen refers to this company as defendant's "Regional Manager for North America" and also as a "North American independent sales representative."

request, Carmen did not contact defendant directly, but rather contacted the Canadian company.

Having concluded that plaintiff did not properly effect service, the Court need not reach plaintiff's alternative argument that there is good cause to excuse plaintiff's default.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Vacate Default, Deny Plaintiff's Motion for Default Judgment as Moot, and Dismiss the Verified Complaint for Lack of Proper Service (Doc. 17) is GRANTED.  The motion to vacate is GRANTED and plaintiff's motion for default judgment is MOOT.  The motion to dismiss for lack of service is GRANTED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/4/21

10